### IN THE UNITED STATES DISTRICT COURT FOR
### THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ANGEL WILSON, )<br>          )<br>          Plaintiff,   )<br>          )<br>v.        )<br>          )<br>1. HOSPITAL HOUSEKEEPING )<br>    SYSTEMS, LLP,     )<br>          )<br>2. MIDWEST REGIONAL MEDICAL )<br>    CENTER        )<br>          )<br>          Defendants.  ) | Case No. CIV-15-286-C<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Angel Wilson, an adult resident of Comanche County, Oklahoma.

2. The Defendants are Hospital Housekeeping Systems, LLP ("Hospital") and Midwest Regional Medical Center ("Medical Center"), companies doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for gender discrimination, including a sexually hostile working environment, and retaliation after Plaintiff complained of such discrimination and harassment, in violation of Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act. Jurisdiction over the federal claims are vested in this Court under 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. Most of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Each Defendant jointly and separately employed at least fifteen (15) employees during at least twenty (20) weeks of the current or proceeding calendar year. Accordingly, each Defendant is a covered employer under Title VII. There is no minimum employee requirement to be an employer under the Oklahoma Anti-Discrimination Act.

6. Defendant Hospital is identified as Plaintiff's employer on her pay stubs and W-2 forms. Plaintiff was assigned to perform jobs at Defendant Medical Center, was supervised by employees of Defendant Medical Center and this Defendant along with Defendant Hospital jointly controlled the terms and conditions of the Plaintiff's employment such that both Defendants are joint employers and/or an integrated enterprise and are both liable for the claims herein.

7. Beginning around February 2014 Plaintiff's co-worker, Marquise Brown, began to sexually harass the Plaintiff including, but not limited to:

    A. Several times per week Mr. Brown would show Plaintiff pictures of his genitalia without Plaintiff's consent and despite Plaintiff's demands for him to stop;

    B. Several times per week Mr. Brown would touch or attempt to touch Plaintiff's breasts and bottom without Plaintiff's consent and despite Plaintiff's demands for him to stop.

8. The harassment, including that described above, was unwelcome, offensive to the Plaintiff and objectively offensive and gave rise to a sexually hostile working environment.

9. Plaintiff made multiple complaints to her supervisors, including Javier (last name unknown), Craig Simmons (Second Shift Supervisor), Bruce Teter (President of Defendant Hospital), and Midwest Regional Medical Center's Human Resources department.

10. Despite Plaintiff's repeated complaints and requests for assistance, neither Defendant took any action to stop the harassment and the harassment continued.

11. Around July 12, 2014 Plaintiff again complained about Mr. Brown's sexual harassment. Plaintiff made this complaint to Javier (last name unknown) and Mr. Simmons.

12. Around July 16, 2014 Plaintiff was terminated. During the termination meeting, Mr. Simmons told Plaintiff he was "sick of hearing" Plaintiff "complain about Marquise", referring to the complaints of sexual harassment.

13. Defendants' statement that Plaintiff was terminated for complaining of the sexual harassment is direct evidence of gender discrimination and retaliation.

14. At the least motivating factors in the decision to terminate the Plaintiff was retaliation for her complaint of sexual harassment.

15. As a result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm including frustration, worry, sadness and similar unpleasant emotions.

16. Plaintiff has exhausted her administrative remedies by timely filing EEOC charges of discrimination against both defendants on August 29, 2014. The EEOC has investigated Plaintiff's claims for more than 180 days and Plaintiff requested her right to sue letter on March 16, 2015.

17. Sexual harassment and retaliation for complaining of sexual harassment violates Title VII and the OADA.

18. Plaintiff is entitled to damages for her lost wages and benefits, emotional distress and, under the OADA, liquidated damages.

19. Because the conduct of the Defendant was willful or, at the least, in reckless disregard for Plaintiff's rights, she is entitled to an award of punitive damages under the federal claim.

20.     Plaintiff is entitled to attorney fees and costs under federal and state law.

**WHEREFORE,** Plaintiff prays she be granted judgment in her favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 20th DAY OF MARCH, 2015**.

HAMMONS, GOWENS, HURST &
    ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: Amberh@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED